UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY WATSON and LAURA GARZA on behalf of themselves and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. _____ |
| v. | § § | |
| KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC. | § § § § | |
| Defendant. | § | |

## COMPLAINT—COLLECTIVE ACTION

### I.   SUMMARY

1. Defendant requires and/or permits various employees to work in excess of forty (40) hours per week, but refuses to compensate them for such hours.

2. Consequently, Defendant's conduct violates the Fair Labor Standards Act (FLSA), which requires non-exempt employees to be compensated for their overtime work. *See* 29 U.S.C. § 207(a).

3. Plaintiffs Gary Watson and Laura Garza are hourly workers formerly employed with Defendant. Defendant has and continues to violate the FLSA by failing to compensate Plaintiffs for all hours over forty at the FLSA mandated rate of time and one half their regular rate of pay. Plaintiffs brings this collective action to recover unpaid overtime compensation owed to them and on behalf of all other similarly situated employees, current and former, of Defendant (hereinafter referred to as "Class Members").

## II.  SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District.

## III.  PARTIES AND PERSONAL JURISDICTION

6. Plaintiff, Gary Watson, is an individual residing in Harris County, Texas.  Said Plaintiff's written consent form to this action is attached hereto as Exhibit "A."

7. Plaintiff, Laura Garza, is an individual residing in Harris County, Texas.  Said Plaintiff's written consent form to this action is attached hereto as Exhibit "B."

8. The Class Members are Defendant's current and former non-exempt employees working at one or more of Defendant's locations in the United States.

9. Defendant, Konica Minolta Business Solutions U.S.A., Inc., is a foreign for-profit corporation doing business in Texas.  Defendant may be served by serving its registered agent, Corporation Service Company, at its registered address, 211 East 7th Street, Suite 620, Austin, Texas 78701.

## IV.  COVERAGE

10. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

11. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

12. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because it has had employees engaged in commerce.  29 U.S.C. § 203(s)(1).

13.     At all material times, Plaintiffs were employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## V.     **FACTS**

14.     Defendant provides printing, digital imaging, and scanning services to various businesses located throughout the United States of America.

15.     Defendant employs technical support workers, known as "Customer Technicians," "Customer Specialists," "Customer Imaging Technicians," "Customer Service Technicians," "Customer Imaging Specialists," "Black and White Production Print Specialists," "Color Production Print Specialists," "Color Imaging Technicians," "Product Print Specialist Black and White," "Product Print Specialist Black and White and Color," "Senior Network Imaging Technician," and other job titles/positions with similar job duties and responsibilities.

16.     These technical support workers are classified by Defendant as hourly, non-exempt employees.  These technical support workers typically perform work beyond forty (40) hours in a workweek.

17.     In particular, these technical support workers are subject to a company wide practice of being permitted and/or required to attend online training sessions.  The technical support workers log into Defendant's website.  The technical support workers access online training sessions related to new equipment and machinery that Defendant utilizes.  The training sessions are normally completed after hours.  The training sessions are designed and intended to be applicable only to the work performed on behalf of Defendant.  However, Defendant refuses to compensate any of its employees for the time spent completing the training sessions.

18.     Although Defendant's employees frequently worked more than forty (40) hours per week, they were not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) hours.

19.     Other Plaintiffs were subject to the same payroll practice.

20.     Defendant's method of paying Plaintiffs and Class Members was willful and was not based on a good faith and reasonable belief that its conduct did not violate the FLSA.

## VI. <u>COLLECTIVE ACTION ALLEGATIONS</u>

21. Plaintiffs have actual knowledge that Class Members have also been denied overtime pay for hours worked over forty (40) in a week and want to join this collective action.

22. Other employees completed online training sessions, but were not paid for such time.

23. Other employees worked over forty (40) hours per week.

24. Other employees were not paid overtime at the rate of one and one-half times their regular rate when those hours exceeded 40 in a workweek.

25. Consequently, Defendant has denied Class Members full compensation for their hours worked over forty (40).

26. The Class Members perform or have performed the same or similar work as Plaintiffs.

27. Class Members are not exempt from receiving overtime under the FLSA.

28. As such, Class Members are similarly situated to Plaintiffs in terms of work similarities, pay structure and/or the denial of overtime.

29. Defendant's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members.

30. Plaintiffs' experiences, with respect to their pay, is typical of the experience of the Class Members.

31. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

32. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

33. Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

34. As such, the class of similarly situated plaintiffs is properly defined as follows:

**The Class Members are all of Defendant's hourly-paid current and former technical support employees, including "Customer Technicians," "Customer Specialists," "Customer Imaging Technicians," "Customer Service Technicians," "Customer Imaging Specialists," "Black and White Production Print Specialists," "Color Production Print Specialists," "Color Imaging Technicians," "Product Print Specialist Black and White," "Product Print Specialist Black and White and Color," "Senior Network Imaging Technician," and other job titles/positions with similar job duties and responsibilities, employed by Defendant at any time from three (3) years prior to the filing of this lawsuit up to and including the time class certification is granted.**

## VII.  PLAINTIFFS' OVERTIME WAGE CLAIM

35. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

36. Defendant's practice of failing to pay Plaintiffs for all hours violates the FLSA. 29 U.S.C. § 207.

37. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiffs.

## VIII.  DAMAGES SOUGHT

38. Plaintiffs are entitled to recover their unpaid overtime compensation.

39. Plaintiffs are entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

40. Plaintiffs are entitled to recover attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## IX.  PRAYER

41. For these reasons, Plaintiffs respectfully request judgment to be entered in their favor awarding them and the Class Members:

    A.    overtime compensation for all unpaid hours worked in excess of forty (40) at the rate of one and one-half times their regular rates;

    B.    an equal amount as liquidated damages as allowed under the FLSA;

C. reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

D. pre-judgment and post judgment interest at the highest rates allowed by law;

E. and such other relief to which Plaintiffs may be entitled.

Respectfully submitted,

KENNEDY HODGES, L.L.P.


By: ___/s/ Galvin B. Kennedy_____
    Galvin B. Kennedy
    State Bar No. 00796870
    Federal Bar No. 20791
    3701 Kirby Drive, Suite 400
    Houston, Texas 77098
    Telephone: 713-523-0001
    Facsimile:  713-523-1116

**ATTORNEY IN CHARGE FOR PLAINTIFFS**

OF COUNSEL:

Don J. Foty
State Bar No. 24050022
Federal Id No. 711552
KENNEDY HODGES, L.L.P.
3701 Kirby Drive, Suite 400
Houston, Texas 77098
Telephone: 713-523-0001
Facsimile:  713-523-1116