```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION
```

| | | |
|---|---|---|
| GARY WATSON, et al., | § | |
| | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 10-986 |
| | § | |
| KONICA MINOLTA BUSINESS | § | |
| SOLUTIONS U.S.A., INC., | § | |
| | § | |
|     Defendant. | § | |

**ORDER**

Pending before the court[1] is Plaintiffs' Motion to Clarify Order on Class Notice (Docket Entry No. 45) and Defendant's response thereto (Docket Entry No. 47). The court **GRANTS** Plaintiffs' motion to clarify and, accordingly, clarifies as follows:

Plaintiffs state that both parties agree that the court's previous Order[2] requires Defendant to produce the contact information for current and former employees who were technical support workers who were paid on an hourly basis during any week between March 25, 2007, to the present.[3] Plaintiffs claim that Defendant contends that it need only produce information for those employees who also took required training courses during weeks

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Docket Entry No. 24.

[2] Memorandum, Recommendation, and Order, Docket Entry No. 42.

[3] Plaintiffs' Motion, Docket Entry No. 45, p. 3.

where they worked more than forty hours and who were not paid one-and-a-half times their regular rate.[4]

Plaintiffs are correct that notice is to be issued to all current and former employees who were technical support workers who were paid on an hourly basis during any week between March 25, 2007, to the present.  However, only those employees who allege having taken required training courses during weeks where they worked more than forty hours and who were not paid one-and-a-half times their regular rate for those hours over forty may consent to join this lawsuit.  Defendant, therefore, must produce contact information for all current and former employees who were technical support workers who were paid on an hourly basis during any week between March 25, 2007, to the present, as outlined more fully in the court's previous Order on class certification.[5]

**SIGNED** in Houston, Texas, this 21st day of December, 2010.

_____
Nancy K. Johnson
United States Magistrate Judge

---

[4]  Id. at 3-4.  The court is aware that Defendant objects to Plaintiffs' statement of its position regarding who should receive notice.  Defendant's Response, Docket Entry No. 47, pp. 2-3.  Defendant also objects generally to Plaintiffs' motion because it allegedly violates an express agreement of confidentiality between the parties' attorneys with respect to their discussions of the implementation of the previous order.  Id. at 3-4.  If true, the court acknowledges Defendant's frustration, but the court's Order here only addresses the clarification of the previous Order.

[5]  Memorandum, Recommendation, and Order, Docket Entry No. 42, p. 20.