UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GARY WATSON, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:10-cv-00986 |
| § | |
| KONICA MINOLTA BUSINESS § | JURY TRIAL DEMANDED |
| SOLUTIONS U.S.A., INC. § | |
| § | |
| Defendant. § | |

## PLAINTIFFS' UNOPPOSED MOTION TO SEVER

Plaintiffs ask the Court to sever the claims made by Plaintiffs that are outside of the class claims certified by the Court.

**A.     Background: Plaintiffs' Claims outside of the certified class.**

This Court certified as a collective action the claims made by the class representatives for time spent taking required training courses without compensation from March 25, 2007 to the present. In its Order, the Court held that if Plaintiffs wish to make other claims, they must do so by filing a separate lawsuit.[1] The Court further noted during a telephonic conference held on or about February 23, 2011 that claims made outside of the certified the class should be brought in a separate lawsuit.

In addition to their claims for unpaid training time, Gary Watson, Laura Garza, John Glass and Mark Mingo made claims for other uncompensated time spent working for Konica. Some of the additional claims falling outside of the certified class are: (1) time spent working at home before and after filed work; (2) drive time to their first job of the day and drive time from their last job of the day; (3) time spent conducting periodic inventories of their "trunk parts;" and (4) time spent working

---

1. "If any current or former technical support employees, as defined in the class, wish to proceed on a claim for overtime compensation under the FLSA with respect to voluntary training sessions, they must file a separate lawsuit." *See* Doc. # 42, p. 20, Order Granting in Part and Denying in Part Plaintiffs' Motion for Notice to Potential Class Members.

through their lunch breaks. Because these claims fall outside of the claims that were certified, Plaintiffs request that the Court sever them. Filing a separate new lawsuit could work an injustice to Plaintiffs because the applicable statute of limitations might bar or reduce their claims.[2] Severance, by comparison, would allow the severed claims in the new case to relate back to the date each Plaintiff originally joined this lawsuit.

B. **Severance is proper under Rule 21**

"On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21. A "court has virtually unfettered discretion in determining whether or not severance is appropriate." *17th Street Associates, LLP v. Markel Intern. Ins. Co. Ltd.*, 373 F.Supp.2d 584, 598 (E.D.Va. 2005). The effect of severance was stated by the Fifth Circuit as follows:

> Severance under Rule 21 creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other. The presence of unresolved claims in the other action does not of itself implicate Fed.R.Civ.P. 54(b), because that Rule applies only where the unresolved claims are in the same action or suit.

*U.S. v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983).

The claims made by Plaintiffs that fall outside of the certified class should be severed. Severing such claims allows the parties to streamline discovery, motion practice and trial in both separate lawsuits. Severing the claims would also facilitate resolution of the respective claims and promote judicial economy. As a collective action, the representative parties can better serve the interests of the entire class they represent if only those claims remain in this case.

In order to avoid confusion between the two cases, the style of the severed lawsuit should be

---

2. Of course, Plaintiffs believe this result would be legally incorrect and would argue the applicable statute of limitations is tolled by the filing of the original complaint in this action.

2

as follows: *John Glass, Laura Garza and Gary Watson, individually and on behalf of all others similarly situated v. Konica Minolta Business Solutions U.S.A., Inc.* If severance is granted, Plaintiffs intend to join other Plaintiffs in the separate lawsuit who have indicated they too worked for Konica without compensation on similar activities that fall outside of the certified class.

**C.     The parties agree severance is appropriate.**

Neither Defendants nor Plaintiffs would be prejudiced by severing the non-certified claims. Indeed, Konica is unopposed to this Motion, as indicated by its counsel's statement in an email which he authorized to be inserted in this motion:

> "KMBS does not oppose a motion to sever into a new and separate action before the same United States District Judge and Magistrate Judge in Houston the non-certified FLSA claims of Gary Watson, Laura Garza, Mark Mingo, and John Glass, but reserves its rights regarding the consequences of this severance."

While the parties agree on severance of the four named Plaintiffs, they disagree on whether other Plaintiffs who joined this lawsuit prior to certification have properly raised claims outside of the certified class. However, the parties are not asking the Court to resolve that dispute at this time.[3]

Likewise, Plaintiffs are not asking the Court to transfer venue of the severed claims. Instead, Plaintiffs seek to have the non-certified claims treated separately so the parties, counsel and the Court may more efficiently manage the claims.

---

3 There are four other Plaintiffs who filed "Consents to Become a Party Plaintiff" prior to certification (Grady Glass, Habib Memon, Nathan Kabue and David Idumah). The forms they signed make the broad statement they are pursuing claims for "unpaid overtime and/or minimum wage through the lawsuit filed against their employer." The parties disagree on whether such Plaintiffs have asserted claims outside of the class by virtue of having joined the lawsuit prior to certification. Plaintiffs anticipate the parties will brief the court on this issue after this motion is considered.

        Respectfully submitted,

        **KENNEDY HODGES, LLP**

        By: _____/s/   Galvin B. Kennedy_____
            Galvin B. Kennedy
            State Bar No. 00796870
            S.D. Tex. No. 20791
            711 W. Alabama
            Houston, Texas 77006
            Telephone: 713-523-0001
            Facsimile:  713-523-1116

        **Attorney in Charge for Plaintiffs**

OF COUNSEL

Richard J. (Rex) Burch
**BRUCHNER BURCH PLLC**
Texas Bar No. 24001807
S.D. Tex. No. 21615
1415 Louisiana Street, Suite 2125
Houston, Texas 77002
Telephone: 713-877-8788
Facsimile: 713-877-8065

Don J. Foty
**KENNEDY HODGES, LLP**
Texas Bar No. 24050022
S.D. Tex. No. 711552
711 W. Alabama
Houston, Texas 77006
Telephone: 713-523-0001
Facsimile:  713-523-1116

**CERTIFICATE OF CONFERENCE**

I have spoken with Loren Gesinsky, attorney for Defendant, and he is **unopposed** to this motion, as stated above.

                              /s/   Galvin B. Kennedy
                              Galvin B. Kennedy

**CERTIFICATE OF SERVICE**

On May 25, 2011, I served this document on defense counsel via the Court's ECF system.

                              /s/   Galvin B. Kennedy
                              Galvin B. Kennedy