UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GARY WATSON, et al., | ] |
| Plaintiffs, | ] |
| v. | ] CIVIL CASE NO. 10-986 |
| KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC., | ] |
| Defendant. | ] |

## [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

Upon consideration of the Parties' Joint Motion for Approval of Settlement and Certification of Settlement Class (the "Joint Motion"), and after a hearing in open Court at which any and all objections to the proposed settlement could be heard, it is hereby ORDERED:

1. A Settlement Class is hereby CERTIFIED pursuant to Fed. R. Civ. P. 23 for settlement purposes only consisting of all individuals who worked for Defendant in any position responsible for servicing business equipment in the field, including without limitation job positions entitled BSC Tech II, BSC Tech IV, Color Imaging Specialist, Color Imaging Technician, Color Technician, Customer Imaging Integrator, Customer Imaging Specialist, Customer Imaging SpecialistGL, Customer Imaging Technician, Customer Technician, Digital Product Specialist, Doc Imaging Specialist, Field Tech, Imaging Integrator, Imaging Technician, Network Imaging Integrator, Network Integrator Specialist I, Production Imaging Print Specialist- Black &White, Production Imaging Print Specialist-Color/Black &White, Production Imaging Print Technician- BW, Production Imaging Print Spec-Color/BW-GL, Senior Customer Technician, Sr. Document Imaging Specialist, Sr. Color Imaging Specialist, Sr. Customer Imaging Specialist, Sr. Customer Imaging Specialist-GL, Sr. Network Imaging Integrator, System Integration Engineer, Systems Engineer, Tech Specialist I, Tech Specialist II, Office Services Associate 1, Office Services Associate 2, Office Systems Associate, Office Systems Associate 2, Office Systems Specialist, Office Systems Professional, Office Systems Expert, Solution Services Associate 1, Solution Services Associate 2, Solutions Specialist, Sr. Solutions Specialist, Solutions Integrator, Production Systems Technician, Production Systems Specialist, Production Systems Professional, Production Systems Expert, Shop

       Technician, In-House Technician, In-House Specialist, Sr. In-House Specialist, Service Team Lead, Manager-in-Training, Technician and other job titles/positions with similar job duties and responsibilities in one or more of the following locations and time periods:

         a.    In Illinois between April 1, 2004, and April 10, 1013;

         b.    In New York between June 20, 2005, and April 10, 2013; and/or

         c.    In Massachusetts between October 17, 2008, and April 10, 2013.

2. Richard J. (Rex) Burch and Galvin B. Kennedy ("Class Counsel") are hereby appointed counsel for the Settlement Class and Plaintiffs Gary Watson, Laura Garza, John Glass, Michael Green, Frederick Person, James Outlaw, Shawn Kraft, Derwin Allison, Michael Johnson, George Schiess, and Zbignew Lesniak are hereby appointed as the representatives of the Settlement Class.

3. The Parties' proposed settlement is hereby fully and finally APPROVED pursuant to Fed. R. Civ. P. 23(c). Class Counsel's fee petition as described in the Joint Motion is hereby APPROVED, and the Incentive Payments to the Named Plaintiffs as described in the Joint Motion are hereby APPROVED.

4. Defendant shall make available funds not to exceed $4,350,000.00, as described in the Parties' settlement agreement, in settlement of all claims against Defendant as described in the Parties' settlement agreement based on putative violations of any federal, state or local law pertaining to hours of work or payment of wages, including without limitation all claims that were or could have been asserted by or on behalf of any or all members of the Settlement Class in the Third Amended Complaint regarding events that occurred or are alleged to have occurred prior to the date of this Order, including without limitation all claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.;* claims under Texas wage and hour law, including but not limited to the Texas Minimum Wage Act and the Texas Wage Payment Law; claims under New York State wage and hour laws and all wage orders, including but not limited to the New York Labor Law and New York Wage Payment Law; claims under Illinois wage and hour laws, including but not limited to the Illinois Wage Payment and Collection Act and the Illinois Minimum Wage Law; and claims under Massachusetts wage and hour laws, including but not limited to the Massachusetts Minimum Wage Law and Payment Of Wages Law.

5. The settlement proceeds shall be distributed within the time period set forth in the Parties settlement agreement according to the formula and the procedures agreed upon by the Parties and described in the Joint Motion. Any portion of the Maximum Settlement Amount not distributed to Claimants remains the property of Defendant and shall be retained by or returned to Defendant.

6. Upon the distribution of the settlement proceeds as described above, all members of the Settlement Class shall be deemed to have irrevocably released and are barred from instituting or prosecuting any claim or cause of action arising prior to the date of this Order against Defendant under any state or federal law relating to the payment of wages, benefits, and any other form of compensation, including without limitation overtime pay claims and minimum wage claims.

7. This action is hereby dismissed without prejudice and subject to reopening to the extent necessary to address any issue related to the administration of the Parties' settlement. Upon the distribution of the Settlement Proceeds as described above, the action shall be deemed dismissed with prejudice, with all parties to bear their own respective attorneys' fees and costs of suit, except as expressly ordered herein, and with all rights of appeal waived.

So Ordered,

_____
The Honorable Sim Lake
United States District Court
Southern District of Texas

Dated: August 7, 2013